UNITED STATES of America,

v.

Wilfredo MARTINEZ ACOSTA.

No. CR. 98–362–11.

United States District Court,
E.D. Pennsylvania.

Jan. 9, 2002.

Thomas R. Perricone, U.S. Attorney's Office, Philadelphia, PA, David H. Resnicoff, Office of U.S. Attorney, Philadelphia, PA, for U.S.

Michael Giampietro, Krasner & Restrepo, Philadelphia, PA, L. Felipe Restrepo, Krasner & Restrepo, Philadelphia, PA, for Wilfredo Martinez Acosta.

## OPINION

POLLAK, District Judge.

Currently before this court is defendant Martinez Acosta's Motion *In Limine* to Preclude the Government from Having Mr. Ivan Torres Testify as to Any Murder(s) Allegedly Committed by Mr. Wilfredo Martinez Acosta Prior to His Introduction to the Present Conspiracy. This motion was filed in response to section V.A.(4) of the government's Trial Memorandum, which states that the government expects Ivan Torres to testify that "one of the reasons he asked Acosta to be part of the plan to commit this murder [the planned murder of Jose Hernandez] was because Acosta had previously boasted to him that he had murdered someone." Gov't Tr. Mem. at 32. The government notes that the purpose of having Mr. Torres testify in this regard would be to "explain why Torres chose to ask Acosta to be part of the charged conspiracy." *Id.*

Both Martinez Acosta and the government discuss Mr. Torres' proposed testimony as "other acts" evidence within the

meaning of Federal Rule of Evidence 404(b).[1] It is, however, this court's view that the proposed testimony is not 404(b) evidence. The government is not seeking to show that Martinez Acosta actually committed the murder of which he allegedly boasted to Torres. Rather, the government is seeking to show the reason why Torres regarded Martinez Acosta as a likely recruit for the planned murder of Jose Hernandez. This would be relevant testimony and Rule 404(b) is not a bar.

■ The proposed testimony is, nonetheless, barred by Rule 403, which provides for the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." Fed.R.Evid. 403. Testimony that a defendant boasted of committing a murder would have the likely tendency of leading at least some jurors to conclude that the defendant had committed that murder. The most carefully-crafted limiting instructions could not be counted on to preclude the drawing of such an inference. Since Martinez Acosta is charged with three murders, the presentation of evidence tending to link him with a fourth murder might seriously prejudice the jury's assessment of Martinez Acosta's guilt of the charged murders.

Accordingly, in an order accompanying this opinion, defendant Martinez Acosta's Motion *In Limine* to Preclude the Government from Having Mr. Ivan Torres Testify as to Any Murder(s) Allegedly Committed by Mr. Wilfredo Martinez Acosta Prior to

His Introduction to the Present Conspiracy will be granted.

---

1. The Rule reads:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial. Fed.R.Evid. 404(b).